[Civ. No. 14867.   First Dist., Div. Two.   May 28, 1951.]

EARL W. HEPLE, Respondent, v. THERESA KLUGE et al., Appellants.

Theresa Kluge and Genevieve Kluge, in pro. per., J. W. Ehrlich, Roy A. Sharff and H. Ward Dawson, Jr., for Appellants.

DOOLING, J.—Counsel for appellants have moved this court for an order permitting them to withdraw as attorneys of record for appellants. Appellants in propria persona oppose the motion.

From the conflicting affidavits it appears that appellants and their attorneys have been in constant disagreement about fees to be paid and the conduct of the litigation, the attorneys having recommended to their clients that they accept an offer of settlement and the clients refusing and insisting on the prosecution of the appeal.

This has created suspicion in the minds of the clients of the good faith of their counsel as indicated by the following language from two letters addressed to one of the attorneys by one of appellants: ''We had heard . . . that no one sees the man behind the iron curtain (naming one of the attorneys), also that neither he or (naming another) works on any of the

cases, but passes them on to the other members of the firm.''

''We have complete confidence in your ability to handle this case if you are on our side (though at time(s) your attitude indicates otherwise).''

This attitude of the clients is further pointed up by the following from the affidavit of one of the attorneys in support of the motion to withdraw:

''That as a result of the attitude expressed . . . your affiant and his associates found no other course of action available than to withdraw; otherwise they would have been placed in the position that if they did not succeed in . . . this appeal, their clients would feel (and so stated) they were not fairly represented, that their best interests were not served, and that there had been a total lack of diligence on the part of their attorneys.''

■ The office of attorney is one of the very highest confidence and when the client suspects and questions the good faith of his attorney the attorney should be permitted to withdraw from the case unless some very compelling reason exists for forcing him to continue with the ungrateful task.

■ Here appellants suggest that a fee already paid before the trial of the action was agreed to cover services on appeal as well as in the trial court. This might justify our denial of counsel's motion to withdraw, but attached to appellants' own affidavit is a copy of a letter in which one of the appellants stated: ''You may rest assured tho' that you will be paid for your services.'' It thus appears that appellants have recognized counsel's right to additional compensation for handling the appeal.

We are not concerned with the disputes of counsel and their clients as to fees for other services than in the conduct of this appeal and we express no opinion thereon.

The motion of counsel for leave to withdraw as attorneys for appellants on this appeal is granted on the express condition that they are entitled to no compensation for whatever services they may heretofore have rendered in connection with this appeal.

Nourse, P. J., and Goodell, J., concurred.